<pre>
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
                                                ELECTRONICALLY FILED
                                                DOC #:
 LONNIE DIGGS,                                  DATE FILED: 9/27/2018

                        Plaintiff,
                                                        17-CV-1127 (VEC)
             -against-
                                                             ORDER
 THE CITY OF NEW YORK, et al.,

                        Defendants.
</pre>

VALERIE CAPRONI, United States District Judge:

Plaintiff Lonnie Diggs, proceeding *pro se*, has sued the City of New York and numerous employees of the City's Department of Corrections, alleging that they have exhibited "deliberate indifference" and "negligence" toward disabled inmates in custody on Riker's Island.[1] *See* Compl., Dkt. 2. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq. See* Compl.

On October 23, 2017, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Mot., Dkt. 25. Plaintiff opposed the motion in a filing received July 3, 2018. *See* Pl.'s Opp. to Mot., Dkt. 34. On August 17, 2018, Magistrate Judge Pitman issued a Report and Recommendation ("R&R"), recommending that the motion be granted with leave to amend. *See* R&R, Dkt. 33. No party filed an objection to the R&R,[2] but

---

[1] Plaintiff originally brought this action with numerous other plaintiffs. *See* Compl. On March 20, 2017, Chief Judge Colleen McMahon *sua sponte* dismissed all plaintiffs except Lonnie Diggs. *See* Order, Dkt. 8. Additionally, Plaintiff originally brought this action against the New York City Department of Correction ("DOC"). *See* Compl. On June 26, 2017, this Court *sua sponte* dismissed DOC from this action. *See* Order, Dkt. 15.

[2] On or about August 17, 2018, Magistrate Judge Pitman mailed a copy of the R&R to the Riker's Island address that Plaintiff provided when he filed this action. *See* R&R at 16. On July 10, 2018, however, Plaintiff's wife had filed a letter with the Court stating that Plaintiff had been relocated to the Downstate Correctional Facility. *See* Ltr., Dkt. 32. Accordingly, on September 7, 2018, Magistrate Judge Pitman sent (via FedEx) another copy of the R&R to Plaintiff at the Downstate Correctional Facility. That mailing was returned on September 12, 2018, because the Downstate Correctional Facility does not accept FedEx deliveries. Shortly after the mailing was returned, also on September 12, 2018, Magistrate Judge Pitman mailed a third copy of the R&R (via postal mail) to Plaintiff at the

Plaintiff submitted an Amended Complaint (the "First Amended Complaint"). For the following reasons, the R&R is ADOPTED in its entirety.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no party objects to the Magistrate Judge's report and recommendation, the district court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also* Fed. R. Civ. P. 72(b) advisory committee's note. Under a clear-error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007).

Careful review of the R&R reveals that there is no facial error in its conclusions. Accordingly, the R&R is ADOPTED in its entirety. Defendants' motion to dismiss the Complaint is GRANTED WITH LEAVE TO AMEND.

The Court notes, however, that Plaintiff appears to have misunderstood the deadline set in the R&R. According to Plaintiff's cover letter, he understood that he had 14 days to amend his Complaint. In fact, the R&R provided Plaintiff 14 days to submit objections; after reviewing objections and adopting the R&R, this Court would have provided Plaintiff a considerably longer period to amend his Complaint.

---

Downstate Correctional Facility. Plaintiff submitted an Amended Complaint, dated September 23, 2018, which lists the Franklin Correctional Facility as his current address. Accordingly, all future correspondence should be mailed to Plaintiff at that address.

Plaintiff's cover letter also stated that he was unable to access the prison's law library in drafting the First Amended Complaint. In order to give Plaintiff ample time to conduct his legal research, this Court will allow Plaintiff to again amend his pleading. No later than **November 16, 2018**, Plaintiff must submit a Second Amended Complaint to the Court. Defendants' time to move against or answer Plaintiff's First Amended Complaint will be stayed during this time. If Plaintiff fails to submit a Second Amended Complaint by November 16, 2018, Defendants must answer or move to dismiss the First Amended Complaint no later than **December 14, 2018**. If Plaintiff does submit a Second Amended Complaint, the Court directs Magistrate Judge Pitman to set a deadline for Defendants to answer or otherwise respond to it. In either event, this case will remain referred to Magistrate Judge Pitman for all purposes.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, thus, permission to proceed with an appeal *in forma pauperis* is denied.

## CONCLUSION

For all the foregoing reasons, Magistrate Judge Pitman's R&R is ADOPTED. Defendants' motion to dismiss (Dkt. 25) is GRANTED WITH LEAVE TO AMEND. Plaintiff must submit a Second Amended Complaint to the Court no later than **November 16, 2018**. If Plaintiff fails to do so, Defendants must answer or move to dismiss the First Amended Complaint no later than **December 14, 2018**. If Plaintiff does submit a Second Amended Complaint, the Court directs Magistrate Judge Pitman to set a deadline for Defendants to answer or otherwise respond to it.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 25.

The Clerk is also directed to mail a copy of this order to Plaintiff at the following address and to note mailing on the docket:

>Lonnie Diggs
>18A-26-290
>Franklin Correctional Facility
>62 Bare Hill Road
>P.O. Box 10
>Malone, NY 12953

**SO ORDERED.**

Date: **September 27, 2018**  **VALERIE CAPRONI**
  **New York, NY**  **United States District Judge**