```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
LONNIE DIGGS,                        :
                  Plaintiff,         :   17 Civ. 1127 (VEC)(HBP)
     -against-                       :
                                     :   OPINION
THE CITY OF NEW YORK, et al.,        :   AND ORDER
                                     :
                  Defendants.        :
                                     :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/19

PITMAN, United States Magistrate Judge:

By an application dated February 1, 2019, plaintiff Lonnie Diggs seeks the appointment of pro bono counsel (Docket Item ("D.I.") 48). For the reasons set forth below, plaintiff's motion is granted.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff was formerly a pretrial detainee in the custody of the New York City Department of Correction ("DOC") from 2013 until his transfer to state custody in 2018. According to the amended complaint, plaintiff suffers from a number of maladies, including paralysis in the bottom half of a leg, drop foot, a partial foot, osteoarthritis in both hips, an unspecified heart condition, an unspecified mental condition, sleep apnea, asthma and Barrett's esophagus with dysplasia. Fairly read, the amended complaint alleges that plaintiff is either confined to a wheelchair or has a limited ability to walk. The amended complaint contains a number of disturbing allegations concerning

plaintiff's treatment while in DOC custody. Among other things, plaintiff alleges that he was not provided with help handling "scalding hot" food trays and that, as a result, he suffered burns to his thighs and genital area. He also alleges that he was housed in a facility that lacked adequate wheelchair accessible toilet facilities and that, as a result, he urinated on himself "numerous times" and defecated on himself twice while awaiting access to the toilet. Plaintiff alleges that the latter incidents were a source of amusement to corrections officers who "laughed [at] and humiliated plaintiff." Plaintiff claims that as a result of his sleep apnea, he needed a cpap machine but was not provided with one for many years. He further alleges that when he was provided with cpap machine, the filter was confiscated with the explanation that it could be used to manufacture of illicit alcoholic beverages. Plaintiff alleges that his special footwear was confiscated with the result that he could not use the shower. Perhaps the most troubling allegation is set forth in paragraph 30 of the amended complaint:

> 30. In 2017, defendant Captain Nickles ordered another corrections officer to drag plaintiff out of his bed. The C.O. following orders of defendant Nickles slammed plaintiff to the floor. Defendant Nickles then states Mr. Diggs "looked like a fish out of water flapping" on the floor. This was abuse by defendants. Plaintiff got no infraction.

Plaintiff also alleges that at some unspecified point in time, his wheelchair was taken from him, he was given a cane that was

2

too short for him to use and that as a result other inmates had to pull him around on a blanket.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

3

> The Court of Appeals for the Second Circuit has
>> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Given that he commenced this action in forma pauperis it appears that plaintiff lacks the funds to retain counsel. He also alleges in his application that he has contacted several attorneys and gotten no response. In addition, from my review of his papers, it is obvious that plaintiff is not trained in the law and between that fact, his physical disabilities and his incarceration, he would have substantial difficulties in litigating this case on his own. All of which brings me to the most important factor -- the merits. In their pending motion to dismiss, defendants cite a number of deficiencies in the amended complaint such as (1) the lack of detail regarding dates and persons involved, (2) the lack of clarity concerning plaintiff's use of inmate grievance procedures, (3) with the exception of the

4

alleged burns to his thighs and groin area, the lack of allegations of physical injury and (4) the lack of factual allegations establishing a municipal custom or policy. Some of defendants' arguments appear to have weight. It is, however, impossible to determine whether the apparent deficiencies in the amended complaint are the result of plaintiff's lack of legal training that could be remedied by an attorney familiar with the pleading requirements of Section 1983. Plaintiff is alleging instances of serious mistreatment; I conclude that he is at least alleged enough to warrant the appointment of pro bono counsel.

Accordingly, plaintiff's motion for the appointment of counsel is granted, The Court's Pro Se Office is respectfully requested to seek pro bono counsel to represent plaintiff in this matter. The Clerk of the Court is requested to mark Docket Item 48 closed.

Dated: New York, New York
June 4, 2019

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Mr. Lonnie Diggs
DIN 18-A-2629
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953-0010

5

Copy transmitted to:

Counsel for Defendants