LONNIE DIGGS,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                  Defendants.

17-CV-1127 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff Lonnie Diggs, proceeding *pro se*, has sued the City of New York and numerous employees of the City's Department of Corrections, alleging that they have exhibited deliberate indifference toward disabled inmates who are in custody on Riker's Island. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* On January 30, 2019, Defendants moved to dismiss Plaintiff's Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Mot., Dkt. 46. On August 5, 2019, the assigned Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the motion to dismiss be granted in part and denied in part. *See* R&R, Dkt. 51.

      For the following reasons, the R&R is ADOPTED in full except as to its recommendation that Defendants' motion be granted in part as to Plaintiff's *Monell* claim. As to that recommendation, the R&R is NOT ADOPTED. Defendants' motion to dismiss is DENIED in its entirety. No later than **October 1, 2019**, Defendants must submit a status letter and, if needed, a proposed scheduling order as detailed below.

## BACKGROUND

Plaintiff filed this action on February 14, 2017. *See* Compl., Dkt. 1. Defendants filed a motion to dismiss, and, on September 27, 2018, this Court granted Defendants' motion but granted Plaintiff leave to amend his pleading. *See* Order, Dkt. 35. Plaintiff filed the SAC on November 19, 2018.[1] *See* Dkt. 38. Two months later, on January 14, 2019, the Magistrate Judge entered an order setting a schedule for discovery because "[i]t appear[ed] from the docket sheet that no schedule for pretrial proceedings [had] ever been set in this matter." Order, Dkt. 43. The Magistrate Judge ordered that all discovery had to be completed by June 11, 2019. *Id.* On January 30, 2019, Defendants moved to dismiss the SAC. *See* Notice of Mot., Dkt. 46. The Magistrate Judge ordered Plaintiff to respond to the motion no later than March 1, 2019. *See* Order, Dkt. 45.

On February 6, 2019, Plaintiff asked the Magistrate Judge to appoint him pro bono counsel. *See* Ltr., Dkt. 48. On April 30, 2019, Plaintiff, having not received a response to his application to be appointed counsel, filed a letter requesting a copy of the docket sheet and information about the status of this case. *See* Ltr., Dkt. 49. The letter stated that it had been "some time" since Plaintiff had "heard anything" from the Court or from Defense counsel "regarding the direction of the case." *Id.* Plaintiff's letter was not responded to, but on June 5, 2019, the Magistrate Judge granted Plaintiff's request for the appointment of pro bono counsel and directed the District's Pro Se Office to attempt to locate such counsel. *See* Order, Dkt. 50. To date, however, no attorney has appeared for Plaintiff.

---

[1] In response to the Magistrate Judge's report and recommendation on Defendants' first motion to dismiss, Plaintiff filed an Amended Complaint under the mistaken belief that he was required to do so within 14 days of entry of the report and recommendation. *See* Order, Dkt. 35, at 2–3. Upon adopting the report and recommendation, the Court allowed Plaintiff to file a new amended pleading, the SAC. *See id.*

Plaintiff did not respond to Defendants' motion to dismiss. On August 5, 2019, the Magistrate Judge entered the R&R, recommending that Defendants' motion to dismiss be granted in part and denied in part. *See* R&R, Dkt. 51. Both Plaintiff and Defendants objected to the R&R. *See* Defs.' Obj., Dkt. 52; Pl.'s Obj., Dkt. 55.

## DISCUSSION

### I. Standard of Review

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When an R&R rules on dispositive motions, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38–39 (2d Cir. 1997). When reviewing the submissions of a *pro se* litigant, they must be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2008)).

### II. Plaintiff Was Not Afforded an Adequate Opportunity to Respond to Defendants' Motion to Dismiss

Before turning to the merits of Defendants' motion to dismiss, the Court notes that it would be inappropriate to grant any part of Defendants' motion at this stage, as it is not clear that Plaintiff ever received Defendants' motion papers. Although Defendants' notice of motion indicates that a copy should be sent to Plaintiff, *see* Notice of Mot., Dkt. 46, at 2, Defendants did not, when filing the motion, file any affidavit or declaration certifying that they actually served the motion on Plaintiff. (In contrast, Defendants did file such a certification when they filed their

first motion to dismiss in October 2017. *See* Dkt. 25-1.) Nothing on the docket, therefore, affirmatively indicates that the motion was ever served on Plaintiff.

Plaintiff's deadline to respond to Defendants' motion, March 1, 2019, came and went without any order from the Magistrate Judge or correspondence from Defendants. Nearly two months later, on April 30, 2019, Plaintiff submitted a letter stating that he had not heard from the Court or Defendants in "some time" and requesting information about the status of his case. Dkt. 49. That letter suggests that Plaintiff was, at that time, unaware that a motion to dismiss had been filed. *See id.* No response was provided to that letter, however, until the order granting the application for pro bono counsel was entered six weeks later. Dkt. 50. That order mentioned that a motion to dismiss was "pending," but the order did not enclose the motion papers, nor did it notify Plaintiff that his response to the motion was more than a month overdue. *See id.* Further, the order mentioned the pending motion as a reason for appointing pro bono counsel. *See id.* Thus, even if Plaintiff had received Defendants' motion papers, it would not have been unreasonable for him to believe that his time to respond to the motion was stayed pending the appearance of pro bono counsel. Nothing in the order contradicted that inference, and when the R&R was entered two months letter, no order had been entered warning Plaintiff that the motion to dismiss was about to be decided without his response.

At best, the record is ambiguous as to whether Plaintiff had adequate notice of Defendants' motion and his obligation to respond to it. It is well-established that a *pro se* litigant is entitled to "special solicitude," a standard that includes "leniency in the enforcement of . . . procedural rules" and an obligation to make certain that the litigant is "aware of and [understands] the consequences . . . [of his or her] failure to comply" with such rules. *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). That solicitude also requires that *pro se*

litigants be, in most circumstances, "specifically advised of the dangers of failing to" respond to a dispositive motion. *Holder v. Bankers Tr. Co. of California*, No. 98-CV-3040, 1998 WL 898323, at *1 (S.D.N.Y. Dec. 23, 1998) (citing *Chang v. Bank of China*, No. 97-CV-1287, 1998 WL 106150, at *2 (S.D.N.Y. Mar. 9, 1998)); *cf. Scaglione v. Mamaroneck Union Free Sch. Dist.*, 144 F. App'x 120, 121 (2d Cir. 2005); *Oklu v. Weinstein*, No. 15-CV-6488, 2015 WL 7288655, at *1 (S.D.N.Y. Nov. 17, 2015). Indeed, because a bedrock of due process is "notice [and] the opportunity to be heard," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), resolving a motion against a *pro se* litigant without reasonable confidence that the litigant received the motion could raise constitutional concerns.

Given these concerns, it would be inappropriate for the Court to grant any part of Defendants' motion at this time. Ordinarily, the remedy for this problem would be to serve the motion papers on Plaintiff, extend his time to file a response, and stay decision on the motion pending further briefing. But for reasons that the Court will discuss, the Court believes that denial, with prejudice, of the motion is the more appropriate course of action.

### III. The Court Will Not Consider Arguments Raised for the First Time in Defendants' Objections to the R&R

"[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge" prior to entry of an R&R. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *see also Walker v. Stinson*, 205 F.3d 1327 (2d Cir. 2000) (unpublished disposition); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988); *De La Paz v. Rubin & Rothman, LLC*, No. 11-CV-9625, 2013 WL 6184425, at *9 (S.D.N.Y. Nov. 25, 2013). The requirement that parties present their arguments in full to the magistrate judge before later presenting them in objections to the district court is grounded in interests of efficiency and fairness. *See Williams*, 557 F.3d at

1291–92; *Paterson-Leitch*, 840 F.2d at 990–91.  First, the magistrate-judge system is designed to foster efficiency in the judiciary, and "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Paterson-Leitch*, 840 F.2d at 991.  Second, "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id.*; *see also Wesley v. Alexander*, No. 99-CV-2168, 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005).  A district court may, however, consider belatedly raised arguments if a "compelling justification" is offered.  *Chiari v. New York Racing Ass'n Inc.*, 972 F. Supp. 2d 346, 351–52 (E.D.N.Y. 2013).

Here, the arguments that Defendants submitted to the Magistrate Judge in support of their motion to dismiss were entirely conclusory.  The motion's memorandum of law contains nine sections, all of which consist of boilerplate recitations of the applicable legal standard, followed by one- or two-sentence statements asserting, *ipse dixit*, that the legal standard applies to the case.  *See* Defs.' Mem. of Law, Dkt. 47.  For example, in asserting that the SAC fails to allege "personal involvement," an element of a § 1983 claim, Defendants' argument consists of a single sentence:  "Here, as Plaintiff does not allege any facts whatsoever to show the personal involvement of any named defendant, supervisor or not, the [SAC] must be dismissed." *Id.* at 7.  As the R&R notes, the factual landscape of this case is far more complicated, as numerous allegations in the SAC refer to actions in which the individual Defendants personally engaged.  *See* R&R at 20.  The other arguments in Defendants' motion follow the same lackadaisical pattern.

6

The R&R denied Defendants' motion in principal part. *See* R&R at 1. In response, Defendants filed objections with more far detailed and cogent arguments than they had previously submitted. *See* Defs.' Obj., Dkt. 52. Defendants, however, offered no explanation for failing to submit those arguments before the R&R was entered; indeed, they fail entirely to explain why the motion that they submitted to the Magistrate Judge was so utterly deficient.[2] *See id.*

This Court will not consider arguments raised for the first time in Defendants' objections. Given Defendants' total failure to explain their conduct, it would not be fair to give them a second bite at the apple. Additionally, deciding Defendants' objections would require this Court to adjudicate a complex and lengthy motion to dismiss in a *pro se* case without the benefit of an R&R—thus erasing any efficiency that should have been gained through the referral to the Magistrate Judge. That would essentially defeat the whole purpose of the magistrate-judge system. *See Paterson-Leitch*, 840 F.2d at 991. Moreover, as the Magistrate Judge has pointed out, the allegations in the SAC, if true, are "serious" and "disturbing." Order (June 5, 2019), Dkt. 50, at 1, 5. Yet this case has been pending for more two years without having advanced past the pleading stage. That weighs in favor of considering Defendants' motion based solely on their pre-R&R arguments in order to prevent further delay.

For all these reasons, the Court will not consider the arguments that Defendants raised for the first time in their objections to the R&R.

---

[2] While the Court is mindful of the time constraints faced by attorneys in the New York City Law Department, particularly when litigating against *pro se* parties, there is no excuse for the slapdash manner in which this case has been handled. To say the least, this Court expects better from the Law Department. Defense counsel is sternly warned that any further failure to defend its clients meaningfully may result in sanctions.

7

## IV. Defendants' Motion Is Denied in Its Entirety

Having conducted a *de novo* review, the Court agrees with the R&R to the extent that it recommends denying Defendants' motion. A defendant "bears the burden of proof on a 12(b)(6) motion." *Alphas v. City of New York Bus. Integrity Comm'n*, No. 15-CV-03424, 2017 WL 1929544, at *2 (S.D.N.Y. May 9, 2017) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)). Arguments in support of such a motion that are advanced "in a perfunctory manner, unaccompanied by some effort at developed argumentation," may be deemed waived. *Lyn v. Inc. Vill. of Hempstead*, No. 03-CV-5041, 2007 WL 1876502, at *16 n.13 (E.D.N.Y. June 28, 2007), *aff'd*, 308 F. App'x 461 (2d Cir. 2009); *see also, e.g.*, *Felske v. Hirschmann*, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012); *cf. Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012). Additionally, a court must ordinarily "decline[] to construct arguments that [parties] have not raised themselves." *Davis v. New York City Hous. Auth.*, 379 F. Supp. 3d 237, 256 (S.D.N.Y. 2019). Bearing in mind these principles, none of Defendants' arguments engages with the SAC's allegations in any manner sufficient for this Court to conduct a meaningful review. Accordingly, the Court adopts the R&R to the extent that it recommends denying Defendants' motion.[3]

The Court disagrees with the R&R, however, that Defendants' motion should be granted as to a portion of Plaintiff's *Monell* claim. *See* R&R at 32. The R&R recommends granting

---

[3] The Court enters this ruling without prejudice to Defendants re-raising the same arguments, after discovery, in a motion for summary judgment. In particular, the Court notes that Defendants utterly failed to prove that qualified immunity and the statute of limitations apply, even though they are both affirmative defenses for which Defendants bear the burden of proof. *See Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017); *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). Although the statute-of-limitations issue appears straightforward, Defendants' motion fails to indicate at what point Plaintiff's claims began to accrue, and this Court has not been provided any briefing on whether tolling, relation-back, or any other exception to the statute of limitations could apply. Under these circumstances, the statute-of-limitations issue is best reserved for summary judgment. *See Brody v. Brody*, No. 07-CV-7981, 2009 WL 436404, at *3 (S.D.N.Y. Feb. 17, 2009) (collecting cases in which courts have been "unwilling" to dismiss claims on statute-of-limitations grounds "without the aid of discovery").

Defendants' motion to the extent that the SAC asserts against the City of New York § 1983 claims arising out of any conduct other than an alleged policy that caused Plaintiff to be deprived of "special shoes." *Id.* But Defendants' argument on the *Monell* claim was a two-sentence statement devoid of any details or explanation. *See* Defs.' Mem. of Law at 11. The R&R's recommendation on this claim, therefore, was essentially made *sua sponte* and without the benefit of any real briefing. In light of Defendants' failure to offer any helpful argumentation and this Court's obligation to construe a *pro se* litigant's pleading "to raise the strongest arguments that [it] suggest[s]," *Triestman*, 470 F.3d at 472 (citation omitted), the Court does not believe that granting this portion of Defendants' motion would be appropriate.

For all these reasons, Defendants' motion to dismiss is denied in its entirety.

V.      **Next Steps**

On January 14, 2019, the Magistrate Judge entered a case management plan and ordered that all discovery be completed by June 11, 2019. *See* Order, Dkt. 43. The Magistrate Judge's scheduling order also directed that all dispositive motions, such as motions for summary judgment, be submitted by July 11, 2019. *Id.* No party has requested an extension of these deadlines, nor has either party filed (or even mentioned the possibility of filing) a motion for summary judgment. The Court, therefore, would venture a guess that discovery has not yet commenced, notwithstanding the Magistrate Judge's scheduling order. No later than **October 1, 2019**, Defendants must submit a letter stating what discovery remains to be completed. If the parties have not yet begun discovery, Defendants must propose a revised scheduling order. Given Plaintiff's present incarceration, Defendants need not obtain Plaintiff's

consent for the proposed scheduling order, but Defendants must serve on Plaintiff a copy of the letter and proposed order (and file proof of service on the docket).[4]

The Court will continue to attempt to locate pro bono counsel for Plaintiff.  Should pro bono counsel be appointed, he or she will be directed to file a notice of appearance on ECF immediately and to contact counsel for Defendants.  The Court will also mail a copy of this order, the R&R, Defendants' motion papers, and the docket sheet to Plaintiff.

## CONCLUSION

For all the foregoing reasons, the R&R is ADOPTED in full except as to its recommendation that Defendants' motion be granted for part of Plaintiff's *Monell* claim.  As to that recommendation, the R&R is NOT ADOPTED.  Defendants' motion to dismiss is DENIED in its entirety.  No later than **October 1, 2019**, Defense counsel must submit to this Court a letter regarding the status of discovery and, if needed, a proposed revised scheduling order.

---

[4] Pursuant to Rule 56(b), motions for summary judgment must be filed by the date set in a scheduling order. Fed. R. Civ. P. 56(b).  Because no party requested an extension of the Magistrate Judge's deadlines, this Court would be well within its rights to deny the parties the opportunity to brief motions for summary judgment and to make them proceed directly to trial.  *See* 11 *Moore's Federal Practice: Civil* § 56.61 (2019) ("Any attempt to file a summary judgment motion after a scheduling order deadline will require permission of the court and a strong showing of good cause.").  Given the circumstances of this case, the Court will not do so, but the parties are strongly warned against dilatory conduct in the future.

10

The Clerk of Court is respectfully directed to CLOSE the open motion at Dkt. 46. The Clerk of Court is also directed to MAIL a copy of this order, the docket sheet, and the filings at Dkts. 46–52, and to NOTE MAILING on the docket, to:

> Mr. Lonnie Diggs
> DIN: 18-A-2629
> Franklin Correctional Facility
> 62 Bare Hill Road
> P.O. Box 10
> Malone, New York 12953-0010

**SO ORDERED.**

Date: **September 12, 2019**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**